IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN NIXON,        )<br>    Plaintiff        )<br>           )<br>    v.         )<br>           )<br>NORFOLK SOUTHERN CORPORATION )<br>and NORFOLK SOUTHERN RAILWAY )<br>COMPANY, INC.,        )<br>    Defendants        ) | CIVIL ACTION NO. 05-101 ERIE |

## AGREED PROTECTIVE ORDER

Plaintiff ROBIN NIXON, by his attorneys, Segel & Solymosi, and defendants NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY, INC. (more properly known as "Norfolk Southern Railway Company"), by its attorneys, MacDonald, Illig, Jones & Britton LLP, file this Agreed Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

I.      Designation of "Confidential Material"

1.      Any party producing documents or other information in this civil action may designate such documents or information, or any part thereof, as "Confidential Material." Confidential Material includes those files, documents, things, computerized information, testimony or other information furnished by a party in the course of pretrial discovery which its

counsel believes in good faith is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

  2. The producing party shall mark any documents and/or information designated in good faith as Confidential Material by means of the legend "CONFIDENTIAL" on each page or section of a page so designated or shall otherwise so designate sections of deposition transcripts and deposition exhibits that contain such Confidential Material by means of a statement on the record at the time of deposition testimony or by written notice to the other party within ten (10) days of receipt of the transcript of the testimony and deposition exhibits.

  3. If the producing party objects to the designation of any documents and/or information as Confidential Material and the parties are unable to resolve the dispute informally, the party objecting to the designation may submit the dispute to the Court for resolution. Until such dispute is resolved by the Court, the documents and/or information shall retain their designation as Confidential Material. The producing party shall be obligated to challenge the propriety of the designation of documents as Confidential Material within ten (10) days of said party's receipt of such documents as so designated, or in the case of a deposition, within ten (10) days of the date of designation of the deposition testimony and deposition exhibits, and the failure to do so shall preclude any subsequent challenge to the designation.

II. Limitations on Use and Disclosure of "Confidential Material"

  4. Confidential Material may not be disclosed by the receiving party to any person other than:

(a) counsel of record in this civil action and his/her partners, associates or employees to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this civil action;

(b) any party to this civil action (including its officers, directors, in-house counsel and employees), but only to the extent that such disclosure is reasonably deemed necessary by the receiving party's counsel of record for the conduct of this civil action;

(c) independent experts and consultants retained by, or associated with, any party in order to assist its counsel of record in the conduct of this civil action, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance; provided, however, that such persons may retain Confidential Material only as long as is necessary for the performance of such assistance;

(d) a party or non-party witness and counsel for such witness in the course of his/her testimony in a deposition conducted in this civil action, but only to the extent deemed necessary by counsel of record in order to examine such witness;

(e) persons who have prepared or assisted in the preparation of such documents, materials or testimony, or to whom the documents, materials or testimony or copies of them were addressed, delivered, or relate, but only to the extent that such disclosure is necessary for the conduct of this civil action; provided, however, and that such persons may retain Confidential Material only as long as it is necessary for the conduct of this civil action;

(f) stenographic reporters and/or certified videotape operators engaged in pretrial discovery; provided, however, that such persons may retain Confidential Material only as long as is necessary for the performance of such engagement;

(g) third-party vendors retained by, or associated with, any party in order to assist its counsel of record in the conduct of this civil action, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance; provided, however, that such persons may retain Confidential Material only as long as is necessary for the performance of such assistance;

(h) the Court in this civil action and Court personnel, including stenographic reporters and/or certified videotape operators engaged in pretrial proceedings and such other proceedings as are a necessary incident pretrial proceedings and the trial of this civil action; and/or

(i) any other person to whom the parties agree in writing, or as directed by Order of Court.

5. Before disclosing Confidential Material to any persons identified in Paragraph 4(a) through (e), (g) and (i) above (other than the producing party and its officers, directors, in-house counsel, employees and experts), counsel of record contemplating disclosure shall require such persons to read a copy of this Agreed Protective Order ("Order") and sign the Confidentiality Agreement, in the form attached hereto as Exhibit A, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; and (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief for a breach thereof.  Counsel of record shall retain each such Confidentiality Agreement for a period of three (3) years after this civil action, including all appeals, is concluded.  As used in this Order, "counsel of record" for the parties are:

>    Tibor R. Solymosi, Esq.
>    Segel & Solymosi
>    818 State Street
>    Erie, Pennsylvania 16501
>    Counsel for Plaintiff Robin Nixon
>
>    Roger H. Taft, Esq.
>    Lisa Smith Presta, Esq.
>    MacDonald, Illig, Jones & Britton LLP
>    100 State Street, Suite 700
>    Erie, Pennsylvania 16507-1459
>    Counsel for Defendants Norfolk Southern Corporation
>       and Norfolk Southern Railway Company, Inc.

6. Confidential Material, whether or not ultimately made part of the public record, shall be used by the receiving party solely for purposes of this civil action, including any appeals, and for no other business, litigation, or different purpose whatsoever.

7. Any motions, briefs, deposition transcripts, deposition exhibits or other documents of any nature that are filed with the Court and which comprise, embody, quote from,

summarize or discuss the Confidential Material, including the information contained therein, shall be filed under seal, unless the parties agree in writing prior to said filing or the Court otherwise orders. The sealed envelope in which such Confidential Material is filed shall be prominently marked, "Confidential - Subject to Protective Order."

III.     Use of "Confidential Material" at Hearings, Trials or Other Court Proceedings

8.    This Order shall govern the pretrial use of Confidential Material, including the information contained therein, and the return of the Confidential Material and related documents to the producing party, and shall not prevent the receiving party from seeking to offer Confidential Material into evidence at any hearing, trial, or other court proceeding, provided that counsel of record for the receiving party gives reasonable written notice to counsel of record for the producing party before the hearing, trial, or other court proceeding in order to permit the producing party to seek an appropriate Order of Court, precluding introduction of the Confidential Material into evidence and/or preventing inappropriate or unnecessary disclosure of the Confidential Material. The Court shall determine the admissibility of the Confidential Material and what protection, if any, shall be afforded such Confidential Material at the hearing, trial or other court proceeding.

IV.     Return of "Confidential Material"

9.    Any person having access to Confidential Material, including the information contained therein, in accordance with Paragraph 4(a) through (e), (g) and (i) above, whose

participation in this civil action has terminated or otherwise concluded, shall return all Confidential Material, along with any abstracts, summaries or other memoranda prepared therefrom, to counsel of record for the receiving party within fourteen (14) days after said termination or conclusion of his/her participation.

10. Except as may be otherwise agreed by the parties, not later than thirty (30) days after the conclusion of this civil action, including all appeals, the receiving party shall return the Confidential Material to the producing party, except for Confidential Material that has been incorporated into work product, and shall so certify in writing to the producing party.

11. The requirement to return all Confidential Material set forth in Paragraph 10 above shall not apply to any documents, writings or other tangible things containing attorney notes or other attorney work product that have been placed thereon by counsel of record and other attorneys for the receiving party; provided, however, that counsel of record for the receiving party shall destroy all such Confidential Material and so certify in writing to counsel of record for the producing party.

V.      Miscellaneous Provisions

12. This Order shall be without prejudice to the right of any party to object to any discovery request on the ground that the information requested is not relevant or otherwise discoverable.

13. The production of Confidential Material pursuant to this Order is not intended to constitute a waiver of any privilege or right to claim the trade secret or confidential status of the documents, materials, or information produced.

14. If any Confidential Material is produced inadvertently to the receiving party without being marked "CONFIDENTIAL" in accordance with the terms of this Order, the failure to so mark the documents and/or information shall not be deemed a waiver of the right to assert confidentiality. A party may designate the documents and/or information as Confidential Material at a later date, at which time the provisions of this Order shall apply to such documents and/or information. If a document is designated Confidential Material and the original and/or one or more of the documents also are produced, but not so designated, the original and copies also shall be treated as Confidential Material if the receiving party is actually aware of such fact.

15. In the event that a party inadvertently produces material that is protected by the attorney-client privilege, work product doctrine, or any other privilege, within ten (10) days after the producing party actually discovers that such production was made, the producing party may make a written request that the other parties return the inadvertently-produced privileged document along with any copies made thereof. The parties who received the inadvertently-produced document either will return the document to the producing party or destroy the document immediately upon receipt of the written request, as directed by the producing party. By returning or destroying the document, the receiving party is not conceding that the document is privileged and is not waiving its right to later challenge the substantive privilege claim; provided, however, that it may not challenge the privilege claim by arguing that the inadvertent production waived the privilege.

16. The restrictions set forth in this Order shall not apply to documents, materials or information which:

    (a) were or become disclosed to the public, other than through violation of this Order or any restrictions on disclosure contained in those documents, materials or information; provided, however, that Confidential Material

        shall not lose its confidential status by reason of its use or disclosure in this civil action;

(b) were acquired by the receiving party from a third party lawfully possessing such documents, materials or information; subject, however, to any restrictions on disclosure contained in those documents, materials or information;

(c) were lawfully possessed by the receiving party before discovery in this civil action; subject, however, to any restrictions on disclosure contained in those documents, materials or information; and/or

(d) are to be disclosed to deponents or witnesses who: (1) are listed on the face of the Confidential Material; (ii) are the originator, author or recipient of such Confidential Material; or (iii) have personal knowledge of the content of such Confidential Material; subject, however, to any restrictions on disclosure contained in those documents, materials or information.

17. Nothing in this Order shall:

(a) prevent or restrict any party from using or disclosing in any way documents that it has produced or disclosed in the course of discovery proceedings in this civil action or documents that it has obtained other than through discovery in this action;

(b) prevent or restrict any person from seeking additional protection with respect to the disclosure of particular documents;

(c) prevent or restrict any person from seeking relief from this Order for good cause shown; or

(d) prohibit a party from producing Confidential Material in its possession pursuant to a subpoena issued by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such Confidential Material; provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Material, that party shall give prompt written notice to outside counsel for the producing party, identifying the Confidential Material at issue and, unless prohibited by applicable law, enclosing a copy of the subpoena or other compulsory process in order that the producing party may protect its interest in said Confidential Material. When possible, at least ten (10) days written notice before production or other disclosure shall be given and, in all circumstances, reasonable efforts shall be made to provide written notice prior to production or disclosure.

18. This Order may be modified or supplemented either by a subsequent written agreement of the parties, approved by further Order of Court, or as the Court otherwise may direct.

19. By their signatures set forth below, counsel of record for plaintiff Robin Nixon and defendants Norfolk Southern Corporation and Norfolk Southern Railway Company hereby agree individually to be bound by the procedures, protections, restrictions and obligations set forth in this Order.

WHEREFORE, plaintiff Robin Nixon and defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. respectfully request this Honorable Court to approve this Agreed Protective Order, thereby giving the procedures, protections, restrictions and obligations set forth therein the full weight and authority of the Court.

Respectfully submitted,

SEGEL & SOLYMOSI

By:   s/ Tibor R. Solymosi
     Tibor R. Solymosi, Esquire
     818 State Street
     Erie, Pennsylvania 16501
     (814) 454-1500

     Attorneys for Plaintiff
      Robin Nixon

            s/ Roger H. Taft
Roger H. Taft
PA 19983/NY 2076456
Lisa Smith Presta
PA 65527
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7600

Attorneys for Defendants
    Norfolk Southern Corporation and Norfolk
    Southern Railway Company, Inc.

# CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge and agree that:

1. I have read the Agreed Protective Order ("Order") entered in the civil action captioned, <u>Robin Nixon v. Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.</u>, at Civil Action No. 05-101 Erie in the United States District Court for the Western District of Pennsylvania.

2. I understand the terms of the Order.

3. I hereby agree to be bound by the terms of the Order and understand that a violation thereof may subject me to contempt proceedings and to legal and equitable remedies.

4. I understand and agree that money damages would not be a sufficient remedy for breach of this undertaking and that a party which asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this undertaking, but rather shall be in addition to all remedies available at law or equity.

5. I hereby irrevocably submit to the jurisdiction of the United States District Court for the Western District of Pennsylvania, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief for any breach thereof.

- 2 -

_____
Print Name

_____
Signature

_____
Title

_____
Company

Dated: _____