IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN NIXON,<br>    Plaintiff | )<br>)<br>) | |
| v. | )<br>) | CIVIL ACTION NO. 05-101 ERIE |
| NORFOLK SOUTHERN CORPORATION<br>and NORFOLK SOUTHERN RAILWAY<br>COMPANY, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>) | <br><br><br>ELECTRONICALLY FILED |

**MOTION FOR SUMMARY JUDGMENT ON BEHALF OF
DEFENDANTS NORFOLK SOUTHERN CORPORATION
AND NORFOLK SOUTHERN RAILWAY COMPANY, INC.**

Defendants NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY, INC., by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR 56.1 of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania, and states the following in support thereof:

1.  This civil action involves a common law negligence claim by plaintiff Robin Nixon (hereinafter "Nixon") against defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. (more properly known as "Norfolk Southern Railway Company") for personal injuries arising out of an accident that occurred on or about April 27, 1997, in the City of Erie, Pennsylvania when Nixon, who then was age 12, grabbed onto a

slowly-moving eastbound train while riding his bicycle, lost control of his bicycle, and fell under the train. (Complaint).

2. Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. seek summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, with respect to plaintiff Nixon's personal injury claim and support this Motion for Summary Judgment with the following, all of which are incorporated herein by reference:

    (a) Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.;

    (b) Appendix to Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.;

    (e) Affidavit of Aileen S. Baxter;

    (d) Affidavit of G. William Baxter III;

    (e) Affidavit of Gary E. Nelson; and

    (f) Brief in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc..

3. There are no genuine issues as to any material fact, and defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. are entitled to judgment as a matter of law with respect to plaintiff Nixon's personal injury claim set forth in the Complaint for the following reasons:

    (a) Nixon was riding his bicycle on a public street, owned and maintained by the City of Erie, Pennsylvania, rather than on the Norfolk Southern limited right of way, at the time of the April 27, 1997 accident;

    (b) The City of Erie, rather than Norfolk Southern Corporation or Norfolk Southern Railway Company, had the supreme power to control its public streets, and neither Norfolk Southern Corporation nor Norfolk Southern

                Railway Company had the right to make changes to the public street or to direct the movement of traffic on West 19th Street;

    (c)    The April 27, 1997 accident was not caused by a failure by Norfolk Southern Corporation or Norfolk Southern Railway Company to maintain the railroad tracks and limited right of way through West 19th Street;

    (d)    The "attractive nuisance doctrine" does not apply to Nixon's claims because the Norfolk Southern train was not an "artificial condition upon the land" and/or because all of the five required elements of <u>Restatement (Second) of Torts</u>, § 339 have not been established with respect to the April 27, 1997 accident; and/or

    (e)    Nixon's contention that the design of the hand holds on the Norfolk Southern rail cars should have been modified to prevent children from grabbing onto moving trains is preempted by federal law and, in any event, there is no evidence to support that contention.

4.     In addition, there are no genuine issues of material fact, and defendant Norfolk Southern Corporation is entitled to judgment as a matter of law with respect to plaintiff Nixon's personal injury claim because Norfolk Southern Corporation did not own or maintain the railroad tracks and limited right of way through West 19th Street, did not own or operate the Norfolk Southern train involved in the April 27, 1997 accident, and is only a parent corporation that owns all of the shares of Norfolk Southern Railway Company, a separate and distinct corporation.

    WHEREFORE, defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc., respectfully request this Honorable Court to enter summary judgment in their favor and against plaintiff Robin Nixon with respect to all claims set forth in the Complaint.

- 4 -

    Respectfully submitted,


    _____s/ Roger H. Taft_____
Roger H. Taft
PA 19983/NY 2876456
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7603
(814) 454-4647 (facsimile)
rtaft@mijb.com

Attorneys for Defendants
 Norfolk Southern Corporation and
 Norfolk Southern Railway Company, Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 25, 2007, the foregoing Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc., was filed electronically with the Clerk of Court using the Electronic Case Filing system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.



                                                        s/ Roger H. Taft
                                                        Roger H. Taft, Esq.