IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OFPENNSYLVANIA


ROBIN NIXON,                                )
              Plaintiff,                    )
                                           )
    vs.                                     )
                                           )        CIVIL ACTION NO. 05-101  ERIE
NORFOLK SOUTHERN CORPORATION )
and NORFOLK SOUTHERN RAILWAY  )
COMPANY, INC.                               )
              Defendants.                   )


## PLAINTIFF'S RESPONSE TO THE CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS NORFOLK SOUTHERN CORPORATION AND <u>NORFOLK SOUTHERN RAILWAY COMPANY, INC.</u>

Plaintiff, Robin Nixon, by his attorneys, Segel & Solymosi, files this Response to The

Concise Statement of Material Facts In Support of Motion For Summary Judgment of

Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.

pursuant to L.R. 56.1.C.1 of the Local Civil Rules of the United States District Court For The

Western District of Pennsylvania.

     A.     <u>Response To Moving Parties' Concise Statement of Material Facts.</u>

        1.     Admitted.

        2.     Admitted.

        3.     Admitted.

        4.     Admitted.

        5.     Admitted.

        6.     Admitted.

        7.     Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.  In further response, Ervin Nixon, Sr. was concerned about his son crossing the 19th Street tracks.  There is nothing in the record to indicate that he ever warned his son about the dangers of riding his bike near to or grabbing onto a handrail on a moving train. (E. Nixon Depo., pp. 17-21).

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Admitted.  In further response, the reason that Defendant, Norfolk Southern Company could not locate any records about "problems" with children grabbing onto rail cars of moving trains while riding their bicycles on West 19th Street between State and Cherry Streets was because company employees who were aware that children were grabbing onto moving trains while riding on West 19th Street did not notify the company of this fact.  (R. Rockey Depo., p. 19).

    B.     <u>Additional Facts Necessary For The Court to Determine The Motion For Summary Judgment.</u>

40.     The Norfolk Southern Railroad tracks covered approximately 1.2 miles on West 19th Street between Peach Street and Cranberry Street.  (J. Guarino Depo., Exhibit "3").

41.     There are 76 residences and 30 industrial/commercial businesses between Peach Street and Raspberry Street adjacent to Norfolk Southern's West 19th Street tracks.  In

addition, eight schools are located within 1,200 feet of the line. (A. Westphal Depo., Exhibit "7").

42.     There were signs adjacent to Norfolk Southern's tracks which identified the tracks as belonging to Norfolk Southern. (R. Rockey Depo., p. 13).

43.     The West 19th Street tracks were unique in that they were the only tracks of the railroad which operated on a city street. (T. Price Depo., p. 19; D. Morgan Depo., p. 31; R. Glenn Depo. p. 50).

44.     At the time of the accident, Norfolk Southern had a program known as "Operation Lifesaver", where people from the railroad went into schools and local communities to talk about the dangers of trespassing on railroad property. "Operation Lifesaver" was not used in the City of Erie. (D. Morgan Depo., pp. 45-46).

45.     At the time of the accident, Norfolk Southern had no safety policies concerning situations where motor vehicles or bicycles can travel parallel to tracks located on a public street. (D. Morgan Depo., p. 34).

46.     Norfolk Southern did not contact anyone in the City of Erie to express safety concerns about children along the West 19th Street tracks. (D. Morgan Depo., p. 48).

47.     Robert Rockey, a Norfolk Southern employee who acted as a watchman along the West 19th Street tracks during the school year, observed children playing adjacent to the West 19th Street tracks. (R. Rockey Depo., pp. 11-12).

48.     David C. Morgan, Trainmaster for the area including the West 19th Street tracks, visited the area on a number of occasions. He did not speak with anyone in the area, Norfolk Southern watchman, or residents to determine if children on their bicycles were grabbing onto moving trains. (C.D. Morgan Depo., pp. 28-29).

49.     Mr. Rockey saw children on bicycles grab onto trains traveling along the West 19th Street tracks.  He did not report this fact to his supervisors or anyone else connected with the railroad.  (R. Rockey Depo., p. 19).

50.     Children could have been deterred from grabbing onto moving trains while riding their bicycles along West 19th Street through the use of rumble strips adjacent to the tracks.  (A. Westphal Depo., p. 99; and A. Westphal Depo., Exhibit "6").

51.     Children could have been deterred from grabbing onto moving trains while riding their bicycles along West 19th Street through the use of signs painted between the tracks stating "Danger – No Bikes".  (A. Westphal Depo., p 99 and A. Westphal Depo., Exhibit "6").

52.     Children could have been deterred from grabbing onto moving trains while riding their bicycles along the West 19th Street tracks through the use of warning signs adjacent to the tracks.  (A. Westphal Depo., pp. 108, 109, and A. Westphal Depo., exhibit "6").

53.     Norfolk Southern did not contact the City of Erie to request permission to place warning signs adjacent to the West 19th Street tracks.  (A. Westphal Depo., p. 110).

54.     Norfolk Southern did not contact the City of Erie to discuss the means of protecting children riding their bicycles adjacent to the West 19th Street tracks.  (A. Westphal Depo., p. 147).

55.     The cost of installing rumble strips adjacent to the West 19th Street tracks would have been approximately Four Thousand Nine Hundred Seventy ($4,970.00) Dollars. (Guarino Depo., Exhibit "3").

56.    The cost of installing and maintaining the rumble strips and striping would have been approximately Three Thousand Five Hundred ($3,500.00) Dollars per year.  (Guarino Depo., Exhibit "3").

57.    The cost of painting signs and stripes on and adjacent to the West 19th Street tracks warning people of the danger of riding bikes on or near the tracks would have been approximately Two Thousand Nine Hundred Fifty and 80/100 ($2,950.80) Dollars.  (Guarino Depo., Exhibit "3").

58.    Robin Nixon's friend, Chris Houston, who was also riding his bicycle along the West 19th Street tracks, grabbed onto the moving train before Robin grabbed onto the train.  (R. Nixon Depo., p. 35).

59.    Prior to the date of the accident, no one had ever warned Robin Nixon about staying away from moving trains.  He did not realize the danger of riding alongside a moving train.  (R. Nixon Depo., pp. 37-38).

60.    All children do not necessarily understand the danger of moving trains. (D. Morgan Depo., p. 44).

Respectfully submitted,

SEGEL & SOLYMOSI

By:___s/ Tibor R. Solymosi_____
    Tibor R. Solymosi, Esquire
    Attorney for Plaintiff

818 State Street
Erie, Pennsylvania  16501
Phone:  (814) 454-1500
Fax:  (814) 454-1502

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OFPENNSYLVANIA

ROBIN NIXON,                              )
              Plaintiff,                  )
                                          )
      vs.                                 )
                                          )     CIVIL ACTION NO. 05-101  ERIE
NORFOLK SOUTHERN CORPORATION )
and NORFOLK SOUTHERN RAILWAY    )
COMPANY, INC.                             )
              Defendants.                 )

## CERTIFICATE OF SERVICE

I, Tibor R. Solymosi, Esquire, hereby certify that the foregoing Plaintiff's Response to

the Concise Statement of Material Facts in Support of Motion For Summary Judgment On

Behalf of Defendants' Norfolk Southern Corporation and Norfolk Southern Railway Company,

Inc., was filed electronically with the Clerk of Court using the Electronic Case Filing System on

this25th day of July, 2007.  Notice of this filing will be sent to all parties by operation of the

Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(D) of the federal

Rules of Procedure.  Parties may access this filing through the Court's ECF system.


SEGEL & SOLYMOSI


By:____s/ Tibor R. Solymosi_____
      Tibor R. Solymosi, Esquire
      Attorney for Plaintiff


Roger H. Taft, Esquire
MacDONALD, ILLIG, JONES
   & BRITTON
100 State Street, Suite 700
Erie, Pennsylvania  16507