IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN NIXON,<br>    Plaintiff | )<br>)<br>) |
|     v. | ) CIVIL ACTION NO. 05-101 ERIE<br>) |
| NORFOLK SOUTHERN CORPORATION<br>and NORFOLK SOUTHERN RAILWAY<br>COMPANY, INC.,<br>    Defendants | )<br>)<br>)<br>)<br>) ELECTRONICALLY FILED |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF
DEFENDANTS NORFOLK SOUTHERN CORPORATION
AND NORFOLK SOUTHERN RAILWAY COMPANY, INC.**

Defendants NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY, INC., by their attorneys, MacDonald, Illig, Jones & Britton LLP, file Defendants' Reply to Plaintiff's Response to Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc., pursuant to LR 56.1D of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania:

    40.    Denied. The statement in Paragraph 40 is not supported by admissible record evidence.

The testimony and evidence of James A. Guarino (hereinafter "Guarino"), one of the proffered experts of plaintiff Robin Nixon (hereinafter "Nixon"), should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar James A. Guarino as Expert Witness and to Exclude Guarino's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment (hereinafter "Defendants' Motion to Bar Guarino as Expert Witness") and its supporting brief and other materials that will be separately filed.

Furthermore, the length of the Norfolk Southern Railway Company tracks on West 19th Street between Peach Street and Cranberry Street is irrelevant and immaterial for the reasons set forth in the Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Railway Company (hereinafter "Norfolk Southern Motion for Summary Judgment") and its supporting briefs and other materials.

41.     Denied.  The statement in Paragraph 41 is not supported by admissible record evidence.

The testimony and evidence of August W. Westphal (hereinafter "Westphal"), one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar August W. Westphal as Expert Witness and to Exclude Westphal's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment (hereinafter "Defendants' Motion to Bar Westphal as Expert Witness") and its supporting brief and other materials that will be separately filed.

Furthermore, the statement set forth in Paragraph 41 is taken from a supplemental expert report of Westphal that quotes an undated Draft Environmental Impact Statement that addressed an anticipated increase in Norfolk Southern train traffic through the City of Erie if

Consolidated Rail Corporation were acquired by Norfolk Southern an acquisition which had not occurred as of April 27, 1997; the location of the "eight area schools" in the draft report is unclear, given the reference to the Norfolk Southern "main line" which runs through the entire City of Erie, not only through West 19th Street; and under the Pennsylvania Public Utility Commission Order Nisi dated June 16, 1982, that was in effect as of April 27, 1997, Norfolk Southern Railway Company was required only to have crossing guards at three specific grade crossings -- Cranberry, Cascade and Cherry Streets -- and only during school hours on school days during the school year. (Stone Depo., p. 17-18, 27-28, 37-38; Stone Depo. Ex. 5). Finally, the number of residences, industrial/commercial businesses and schools is irrelevant and immaterial for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

  42. Denied. The statement in Paragraph 42 is not supported by admissible record evidence.

  Robert E. Rockey (hereinafter "Rockey") testified that the signs indicating that the tracks belonged to Norfolk Southern were located at the center of West 19th Street where the tracks were located, not "adjacent" to the tracks. (Rockey Depo., p. 13).

  Furthermore, the statement in Paragraph 42 is irrelevant, immaterial, and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

  43. Denied. The statement in Paragraph 43 is not supported by admissible record evidence.

  Timothy J. Price (hereinafter "Price") testified that he had never operated a train at another location that had similar conditions to those on West 19th Street between State and

Cranberry Streets. (Price Depo., p. 19). David C. Morgan (hereinafter "Morgan") testified that he had not seen tracks running down the center of a city street at any other location that he had been. (Morgan Depo., p. 31). Robert B. Glenn (hereinafter "Glenn") testified that he had never operated a train at another location where the tracks were on the same roadway as the street. (Glenn Depo., p. 50). Price, Morgan and Glenn were testifying about their own personal knowledge and were not speaking for Norfolk Southern Railway Company as a whole.

Furthermore, the statement in Paragraph 43 is irrelevant, immaterial, and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

44.   Denied. The statement in Paragraph 44 is not supported by admissible record evidence.

Morgan testified that Operation Lifesaver, Incorporated is a separate, independent organization to which Norfolk Southern and other railroads contribute; that Operation Lifesaver, Incorporated, rather than Norfolk Southern, produces the written materials that are provided at Operation Lifesaver programs; that Operation Lifesaver has a coordinator in Ohio who trains "volunteers" from the railroads to make presentations; that he never has been to any Operation Lifesaver program that addressed, "kids on bicycles where there's a paved roadway that's adjacent to the tracks"; and that he did not know any specifics about Operation Lifesaver programs "for this particular area and this particular condition." (Morgan Depo., p. 45-48). Morgan did not testify that Operation Lifesaver was a Norfolk Southern program or that Operation Lifesaver was not used in the City of Erie. (Morgan Depo., p. 45-48).

Furthermore, the statement in Paragraph 44 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

45.   Denied.  The statement in Paragraph 45 is not supported by admissible record evidence.

Morgan testified that he was not aware of any safety policies or programs that addressed the situation where cars or bicycles are able to travel on a public street, parallel to the tracks at the same time that a train is operating on its right-of-way. (Morgan Depo., p. 33-34). Morgan was testifying about his own personal knowledge and was not speaking for Norfolk Southern Railway Company as a whole.  Morgan also testified that the tracks through the middle of West 19th Street did not create a dangerous condition for pedestrians or cars if they obeyed the law and stayed on the public street. (Morgan Depo., p. 43-44).

Furthermore, the statement in Paragraph 45 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

46.   Denied.  The statement in Paragraph 46 is not supported by admissible record evidence.

Morgan testified that he had never contacted the City of Erie Police Department to address, "any concerns there might be with safety and children along the 19th Street tracks." (Morgan Depo., p. 48).  Morgan also testified that he did not recall ever seeing children playing in the street alongside the tracks; that during his 20 years as Trainmaster, he was not aware of any child, other than Nixon, who was injured as a result of grabbing onto a moving train; and that Nixon's accident was the first of its type that had occurred. (Morgan Depo., p. 7, 19-20,

40-42). Morgan did not testify that Norfolk Southern did not contact anyone in the City of Erie, "to express safety concerns about children along the West 19th Street tracks."

Furthermore, the statement in Paragraph 46 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

47. Denied. The statement in Paragraph 47 is not supported by admissible record evidence.

Rockey testified that during the period from April of 1970 to 1983, when he worked as a watchman in the crossing towers that existed during that period of time, he occasionally observed children playing on West 19th Street, but did not see them doing so on a regular basis. (Rockey Depo., p. 5-6, 11-12).

Furthermore, the statement in Paragraph 47 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

48. Denied. The statement in Paragraph 48 is not supported by admissible record evidence.

Morgan testified that he never heard of a child or a person grabbing onto a railcar to be towed along in the same manner that Nixon did; that he never observed any such activity; and that he never discussed any concerns about the safety of children in the areas on West 19th Street adjacent to the tracks. (Morgan Depo., p. 28-29). Morgan also testified that he did not recall ever seeing children playing in the street alongside the tracks and that during his 20 years as Trainmaster, he was not aware of any child, other than Nixon, who was injured as a result of grabbing onto a moving train; and that Nixon's accident was the first of its type that had

occurred. (Morgan Depo., p. 7, 19-20, 40-42). Morgan did not testify that he did not speak with anyone in the area -- Norfolk Southern watchmen or residents -- to determine if children on bicycles were grabbing onto moving trains.

Furthermore, the statement in Paragraph 48 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

49. Denied. The statement in Paragraph 49 is not supported by admissible record evidence.

Rockey testified that during the 17-year period from 1970 to 1987, when he worked in the crossing towers and later as an on-ground crossing watchman at certain locations along West 19th Street, there were only one or two occasions that he saw a kid on a bicycle grab onto a moving train to be towed along. (Rockey Depo., p. 5-7, 18-19). Rockey also testified that he did not report those two incidents to his supervisors because he did not have the name of either kid to report. (Rockey Depo., p. 19).

Furthermore, the statement in Paragraph 49 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

50. Denied. The statement in Paragraph 50 is not supported by admissible record evidence.

The testimony and evidence of Westphal, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Westphal as Expert Witness and its supporting brief and other materials that will be separately filed. Westphal's testimony, moreover, did not establish that

Nixon would have been deterred by, "the use of rumble strips" from grabbing onto the Norfolk Southern train while riding his bicycle on West 19th Street on April 27, 1997.

Furthermore, the statement in Paragraph 50 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

51.     Denied.  The statement in Paragraph 51 is not supported by admissible record evidence.

The testimony and evidence of Westphal, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Westphal as Expert Witness and its supporting brief and other materials that will be separately filed.  Westphal's testimony, moreover, did not establish that Nixon would have been deterred by, "signs painted between the tracks stating, 'Danger - No Bikes'" from grabbing onto the Norfolk Southern train while riding his bicycle on West 19th Street on April 27, 1997.

Furthermore, the statement in Paragraph 51 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

52.     Denied.  The statement in Paragraph 52 is not supported by admissible record evidence.

The testimony and evidence of Westphal, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Westphal as Expert Witness and its supporting brief and other materials that will be separately filed.  Westphal's testimony, moreover, did not establish that

Nixon would have been deterred by, "warning signs adjacent to the tracks" from grabbing onto the Norfolk Southern train while riding his bicycle on West 19th Street on April 27, 1997.

Furthermore, the statement in Paragraph 52 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

53.    Denied. The statement in Paragraph 53 is not supported by admissible record evidence.

The testimony and evidence of Westphal, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Westphal as Expert Witness and its supporting brief and other materials that will be separately filed.

Furthermore, the statement in Paragraph 53 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

54.    Denied. The statement in Paragraph 54 is not supported by admissible record evidence.

The testimony and evidence of Westphal, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Westphal as Expert Witness and its supporting brief and other materials that will be separately filed.

Furthermore, the statement in Paragraph 54 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

55.     Denied. The statement in Paragraph 55 is not supported by admissible record evidence.

The testimony and evidence of Guarino, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Guarino as Expert Witness and its supporting brief and other materials that will be separately filed.

Furthermore, the statement in Paragraph 55 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

56.     Denied. The statement in Paragraph 56 is not supported by admissible record evidence.

The testimony and evidence of Guarino, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in Defendants' Motion to Bar Guarino as Expert Witness and its supporting brief and other materials that will be separately filed.

Furthermore, the statement in Paragraph 56 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

57.     Denied. The statement in Paragraph 57 is not supported by admissible record evidence.

The testimony and evidence of Guarino, one of Nixon's proffered experts, should be excluded under Rule 702 of the Federal Rules of Evidence for the reasons set forth in

Defendants' Motion to Bar Guarino as Expert Witness and its supporting brief and other materials that will be separately filed.

Furthermore, the statement in Paragraph 57 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

58.    Denied.  The statement in Paragraph 58 is not supported by admissible record evidence.

Whether Chris Houston grabbed onto the Norfolk Southern train "right before" Nixon is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.  (R. Nixon Depo., p. 35).

59.    Denied.  The statement in Paragraph 59 is not supported by admissible record evidence.

On three separate occasions during 1997 including the day of the April 27, 1997 accident, Nixon's father -- Ervin Nixon, Sr. -- told Nixon that Nixon was not allowed to go north of West 21st Street toward West 19th Street and that he should stay away from the West 19th Street railroad tracks.  (E. Nixon Depo., p. 17-22).  On the first of those three occasions, Nixon's father showed Nixon the railroad tracks on West 19th Street and directed him to stay away from the tracks.  (E. Nixon Depo., p. 20-21).  On the second and third occasions, Nixon's father gave Nixon the same instructions about staying away from the tracks.  (E. Nixon Depo., p. 21-22). Nixon affirmatively acknowledged these instructions.  (E. Nixon Depo., p. 22).

Furthermore, the statement in Paragraph 59 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

60.     Denied. The statement in Paragraph 60 is not supported by admissible record evidence.

Morgan did not testify that, "[a]ll children do not necessarily understand the danger of moving trains."  (Morgan Depo., p. 44).

Furthermore, the statement in Paragraph 60 is irrelevant, immaterial and inadmissible for the reasons set forth in the Norfolk Southern Motion for Summary Judgment and its supporting briefs and other materials.

Respectfully submitted,

       s/ Roger H. Taft
Roger H. Taft
PA 19983/NY 2876456
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7603
(814) 454-4647 (facsimile)
rtaft@mijb.com

Attorneys for Defendants
   Norfolk Southern Corporation and
   Norfolk Southern Railway Company, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2007, the foregoing Defendants' Reply to Plaintiff's Response to Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc., was filed electronically with the Clerk of Court using the Electronic Case Filing system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.



                          s/ Roger H. Taft
                          Roger H. Taft, Esq.