IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBIN NIXON,<br>　　Plaintiff<br><br>　　　　v.<br><br>NORFOLK SOUTHERN CORPORATION<br>and NORFOLK SOUTHERN RAILWAY<br>COMPANY, INC.,<br>　　Defendants | )<br>)<br>)<br>)  CIVIL ACTION NO. 05-101 ERIE<br>)<br>)<br>)<br>)<br>)  ELECTRONICALLY FILED |

**DEFENDANTS' MOTION TO BAR AUGUST W. WESTPHAL
AS EXPERT WITNESS AND TO EXCLUDE WESTPHAL'S
TESTIMONY AND OTHER EVIDENCE IN OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY, INC., by their attorneys, MacDonald, Illig, Jones & Britton LLP, file this Defendants' Motion to Bar August W. Westphal as Expert Witness and to Exclude Westphal's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment, pursuant to Rule 702 of the Federal Rules of Evidence, and state the following in support thereof:

　　1.　　This civil action involves a common law negligence claim by plaintiff Robin Nixon (hereinafter "Nixon") against defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. (more properly known as "Norfolk Southern Railway Company") for personal injuries arising out of an accident that occurred on or about April 27,

1997, in the City of Erie, Pennsylvania when Nixon, who then was age 12, grabbed onto a slowly-moving eastbound train while riding his bicycle on a public street that was owned and maintained by the City of Erie, Pennsylvania; lost control of his bicycle; and fell under the train. (Complaint; Norfolk Southern Concise Statement of Material Facts and Nixon's Response, ¶ 6, 8-9, 11, 13-14, 19, 22-23, 27, 29, 36).

2. Plaintiff Nixon has proffered August W. Westphal (hereinafter "Westphal") as an expert witness at trial and also seeks to utilize Westphal's testimony and other evidence in opposition to the Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. (hereinafter "Norfolk Southern Motion for Summary Judgment").

3. The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence which states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702.

4. Rule 702 was amended in 2000 to recognize the District Court's obligation to serve as gatekeeper of the admissibility of scientific, technical and other specialized knowledge, as directed by the United States Supreme Court in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 578, 113 S. Ct. 2786 (1993), and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167 (1999). Calhoun v. Yamaha Motor Corp. U.S.A., 350 F.3d 316, 320-321 (3d Cir. 2003); Fed.R.Evid. 702, Advisory Committee Notes, 2000 Amendments.

5. In fulfilling its gatekeeper obligation, this Honorable Court should bar Westphal as an expert witness and preclude Westphal's testimony and other evidence in opposition to the Norfolk Southern Motion for Summary Judgment because:

    (a) Westphal is not qualified as an expert with respect to the opinions that he presents;

    (b) Westphal's opinions lack the required degree of reliability; and/or

    (c) Westphal's opinions are irrelevant to the material issues in this civil action.

6. Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. support this Defendants' Motion to Bar Westphal as Expert Witness and to Exclude Westphal's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment (hereinafter "Norfolk Southern Motion to Bar Westphal as Expert Witness") with the following, all of which are incorporated herein by reference:

    (a) Appendix to Defendants' Motion to Bar August W. Westphal as Expert Witness and to Exclude Westphal's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment;

    (b) Brief in Support of Defendants' Motion to Bar August W. Westphal as Expert Witness and to Exclude Westphal's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment;

    (c) Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.;

    (d) Plaintiff's Response to the Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.;

    (e) Defendants' Reply to Plaintiff's Response to Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.;

(f) Appendix to Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.;

(g) Affidavit of Aileen S. Baxter;

(h) Affidavit of G. William Baxter III;

(i) Affidavit of Gary E. Nelson; and

(j) Brief in Support of Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.

7. The pretrial record contains Westphal's curriculum vitae; an expert report dated February 16, 2007, and a supplemental expert report dated February 16, 2007, that Westphal represented contain all of his opinions and supporting data, information and exhibits regarding the rumble strips and warning signs striping that he contends should have been installed and the contacts with the City of Erie that he claims should have been made to prevent and/or discourage children from grabbing onto moving trains while riding bicycles; and the transcript of his extensive deposition on May 17, 2007, regarding those opinions and supporting materials. (Appendix to Norfolk Southern Motion to Bar Westphal as Expert Witness, Tabs A-H).

8. Accordingly, this Honorable Court has sufficient information to decide Defendants' Motion to Bar Westphal as Expert Witness, and there is no need to hold an in limine hearing. Oddi v. Ford Motor Co., 234 F.3d 136, 151-155 (3d Cir. 2000), cert. denied, 532 U.S. 921 (2001); Kerrigan v. Maxon Indus., Inc., 223 F. Supp.2d 626, 632-634 (E.D. Pa. 2002). See also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152-155, 119 S. Ct. 1167, 1176-1178 (1999).

- 5 -

WHEREFORE, defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc. respectfully request this Honorable Court to bar August W. Westphal from serving as an expert witness and to exclude Westphal's testimony and other evidence in opposition to the Motion for Summary Judgment on Behalf of Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company, Inc.

Respectfully submitted,

s/ Roger H. Taft
Roger H. Taft
PA 19983/NY 2876456
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7603
(814) 454-4647 (facsimile)
rtaft@mijb.com

Attorneys for Defendants
    Norfolk Southern Corporation and
    Norfolk Southern Railway Company, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2007, the foregoing Defendants' Motion to Bar August W. Westphal as Expert Witness and to Exclude Westphal's Testimony and Other Evidence in Opposition to Defendants' Motion for Summary Judgment, was filed electronically with the Clerk of Court using the Electronic Case Filing system. Notice of this filing will be sent to all parties by operation of the Court's ECF system and constitutes service of this filing under Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure. Parties may access this filing through the Court's ECF system.



s/ Roger H. Taft
Roger H. Taft, Esq.